UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

------------------------------------X
BANACOL MARKETING CORPORATION,                        Civil Action No.:
One Saville Avenue
Eddystone, PA 19022

                        Plaintiff,

       *- Against -*

M/V URUGUAY STAR, in rem, STAR REEFERS
SHIPOWNING, INC., and STAR REEFERS
POOL INC.,
30 Charles 11 Street
London
SW1Y 4 AE England

                                          **Verified Complaint**
                        Defendants.

------------------------------------X   **Document Filed Electronically**

      The Plaintiff, Banacol Marketing Corporation, by its attorneys, Hollstein Keating Cattell Johnson & Goldstein, PC, complaining of the above-named defendants, allege upon information and belief:

      ***FIRST*:**                    This is an admiralty and maritime claim within Rule 9(h) of the Federal Rules of Civil Procedure.

      ***SECOND*:**              This Court has jurisdiction pursuant to 28 USC §1333.

**_THIRD_:**		At and during all times hereinafter mentioned, Plaintiff, Banacol Marketing Corporation ("Banacol"), was and now is a corporation or other business entity organized and existing by virtue of the laws of Florida with an office and principal place of business in Coral Gables, Florida  It also maintains an office and place of business at One Saville Avenue, Eddystone, PA  19022.

**_FOURTH_:**		At and during all times hereinafter mentioned, Defendant M/V URUGUAY STAR, in rem, was and now is a 1993 built Liberian flagged Vessel, IMO No. 9017264, an ocean going cargo/refrigerated Vessel, engaged in the transport of fruit products, which is now or will be during the pendency of this action within the jurisdiction of this Honorable Court.

**_FIFTH_:**		At and during all times hereinafter mentioned, the Vessel was and is owned, operated and/or controlled by Star Reefers Shipowning, Inc. whose office and principal place of business is at Star Reefers UK Limited, as managers for Star Reefers Pool Inc., 30 Charles 11 Street, London, SW1Y 4 AE England.

**_SIXTH_:**		At and during all times hereinafter mentioned the defendant, Star Reefers Pool Inc. was and is the disponent/record owner of the Vessel during the time Plaintiff sustained cargo damage and who otherwise entered into a contract of charter dated November 23, 2005 with Altex Chartered, Inc., a Panamanian based company.

**_SEVENTH_:**		In or about September, 2010 there was delivered to the Defendant in

good order and condition a shipment of fresh fruit suitable in every respect for the intended transportation which the Defendant accepted and agreed to transport for certain consideration from Turbo, Columbia to Chester, Pennsylvania.

*EIGHTH:*   Thereafter, the defendant delivered the cargo in an over-ripened and damaged condition.

*NINTH:*   On or about September 17, 2010 certain bills of lading were issued by Defendants to the shipper/cargo interests Banacol, and the bills of lading were numbered BAQKTBCH1030001 through BAQKTBCH10300013.

*TENTH:*   The above referenced bills of lading failed to incorporate the terms and conditions of a certain charter party referenced on their face by stating, "Freight payable as per Charter-Party dated November 23, 2005."

*ELEVENTH:*   The bills of lading are similarly stamped with the notation "USA Clause Paramount, freight terms, conditions and exceptions, as agreed."

*TWELFTH*   The USA Clause Paramount provides for the application of the United States Carriage of Goods by Sea Act ("COGSA").

*THIRTEENTH*   The November 23, 2005 Charter Party has the following Clause 45 providing for the resolution of certain disputes in arbitration in London:

Any dispute arising under this contract is to be referred to arbitration in London and to be decided according to English law (except as provided by clause 47 below). One arbitrator to be nominated by the Owners and the other by the Charterers. In case the arbitrators shall not agree, then the matter is to be decided by decision of an umpire, to be appointed by the arbitrators. The award of the arbitrators or the umpire shall be final and binding upon the parties hereto.

**_FOURTEENTH_:**   Plaintiff was the shipper, consignee or owner of said shipment and brings this action on its own behalf and, as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

**_FIFTEENTH_:**   Plaintiff has duly performed all duties and obligations on its part to be performed.

**_SIXTEENTH_:**   By reason of the premises, Plaintiff has sustained damages as nearly as same can now be estimated, no part of which has been paid, although duly demanded, in the total amount of $655,316.00, plus interest, costs and attorneys' fees.

**_SEVENTEENTH_:**   In recognition of this claim and Plaintiff's anticipated arrest of the Vessel to service its claims, a Letter of Undertaking was issued by Gard P and I (Bermuda) Ltd. through its attorneys, which provided in pertinent part:

> In consideration of your refraining from arresting, attaching, withholding clearance, or otherwise detaining the M/V URUGUAY STAR, or any other vessels or property of her owners, operators, or managers in any jurisdiction in connection with claims arising in any manner from the matter described above, the undersigned Association hereby agrees:
>
> 1. To file or cause to be filed, upon demand, a Statement of Right or

Interested on behalf of the M/V URUGUAY STAR, in rem in a suit commenced by you in the United States District Court for the Eastern District of Pennsylvania (the "Lawsuit"), vessel lost or not lost, whether present in the jurisdiction or not. Said Statement of Right or Interest shall be consistent with and without prejudice to any and all rights, claims, and defenses available to the vessel and her owners, operators, and managers and shall not constitute a waiver of any such rights, claims, and defenses.

2. In the event that a final judgment, after all appeals, if any, be entered in your favor and against the M/V URUGUAY STAR, in rem in the Lawsuit described in paragraph 1 above, then the undersigned Association agrees to pay and satisfy up to but not exceeding the sum of Eight Hundred Thousand Dollars and No Cents (U.S. $800,000.00), inclusive of interest and costs, of the said final judgment or any lesser amount decreed or settled between the parties without a judgment being rendered.

**_EIGHTEENTH_**: This action is commenced to recover cargo damage sustained by the consignee and/or its interested underwriters under the bills of lading and/or Contract of Affreightment and to otherwise satisfy Plaintiff's right to secure its claim against the Vessel as provided for in the Letter of Undertaking.

**_NINTEENTH_**: Arbitration has been or will be similarly commenced in London in accordance with the forum selection clause referred to in the Contract of Affreightment dated November 23, 2005, as between Star Reefers Pool Inc., as Owner and Altex Chartered Inc., Panama, as Charterer, but not otherwise incorporated by U.S. Law in the governing bills of lading.

**_TWENTIETH_**: The subject COA is not incorporated into the bill of lading contract under U.S. law.

## AS AND FOR A FIRST CAUSE OF ACTION –
**Breach of Contract**

***TWENTY-FIRST***:  Plaintiff repeats and realleges each and every allegation set forth in Paragraph FIRST through TWENTIETH as though fully set forth herein.

***TWNTY-SECOND***:  By reason of the premises, the Defendants were negligent and careless in their handling of Plaintiff's cargo, violated their duties and obligations as a carrier, breached the governing contracts of carriage and their obligation as bailees of the cargo and were otherwise at fault.

***W H E R E F O R E,*** Plaintiff prays:

1. That process in due form of law according to the practice of this Court may issue against the named Defendants.

2. To the extent that Plaintiff's claim is arbitrated in London, that any resulting judgment in Plaintiff's favor be recognized in accordance with the Federal Arbitration Act, 9 USC §1, et seq. and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. §201-208, and/or as otherwise provided by the terms and conditions of the Letter of Undertaking dated October 7, 2010.

3. That a decree may be entered in favor of Plaintiff against Defendant the amount of Plaintiff's damages, together with interest and costs.

4. Plaintiff further prays for such other, further and different relief as to this Court may deem just and proper in the premises.

Dated: Philadelphia, PA
September 19, 2011

**HOLLSTEIN KEATING CATTELL**
**JOHNSON & GOLDSTEIN, PC**

By: ____s/ E. Michael Keating, III____
E. Michael Keating, III, Esquire
PA Bar ID No. 19350
Eight Penn Center
1628 John F. Kennedy Blvd
Suite 2000
Philadelphia, PA 19103
Phone: (215) 320-3260
mkeating@hollsteinkeating.com

Attorney for Plaintiff
Banacol Marketing Corporation

Of Counsel:

Gerard W. White, Esquire
Hill Rivkins LLP
45 Broadway
New York, New York 10006
(212) 669-0622

{1576.00001:00005650}

7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
------------------------------------X
BANACOL MARKETING CORPORATION,                    Index No.:

                        Plaintiff,

           - Against -

M/V URUGUAY STAR, in rem, STAR REEFERS
SHIPOWNING, INC., and STAR REEFERS
POOL INC.,
                                               **Verification**
                      Defendants.
------------------------------------X

STATE OF FLORIDA
                      SS.:
COUNTY OF Miami-Dade


**Natalia Henao Perez**, being duly sworn, deposes and says:

    I am an officer of Banacol Marketing Corporation. I have read the foregoing Verified Complaint and know the contents thereof and the same is true to the best of my knowledge, except as to the matters therein stated to be on information and belief, and as to those matters I believe it to be true.

    The sources of my information and the grounds of my belief are statements and records furnished to me by our operations department.

Dated: September 22, 2011


Natalia Henao Perez

Subscribed and sworn to before me
this 22nd day of September, 2011.


Notary Public

ANIELKA SALINAS
MY COMMISSION # DD973757
EXPIRES March 22, 2014
(407) 398-0153    FloridaNotaryService.com